## DORTCH v. UNITED STATES.
### No. 11736.

United States Court of Appeals
Sixth Circuit.

April 17, 1953.

Leland H. Logan, Bowling Green, Ky. (Richard A. Robertson, Owensboro, Ky., Myers & Logan, Bowling Green, Ky., on the brief), for appellant.

David C. Walls and Charles F. Wood, Louisville, Ky., for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

The appeal in this case involves the issue of whether appellant is entitled to reversal of his conviction and sentence in a criminal case upon the alleged ground that he has been unconstitutionally placed in double jeopardy.

Briefly stated, the facts are that he had been indicted jointly with another person for the commission of a serious federal criminal offense involving the blowing up by dynamite of a railroad bridge. Upon trial by jury, his co-defendant was convicted, but the jury could not agree upon a verdict as to appellant. The jury was, there-

fore, discharged and a mistrial order entered.

When the case against the appellant was called for retrial, it was dismissed upon motion of the United States Attorney for the reason that the principal government witness, the convicted co-defendant, had repudiated previous statements made by him involving appellant in the crime. About a year later, the appellant was indicted again for the same offense with which he had been charged in the first indictment. Upon his trial on the second indictment, he was found guilty by the jury and was sentenced to ten years' imprisonment by the United States District Judge.

■ It is well established that a defendant is not placed in unconstitutional double jeopardy from being brought to trial for the same offense the second time, after the jury in the first trial has been unable to reach a verdict as to his guilt or innocence and a mistrial order has been entered. This has been true since the promulgation of the opinion of the Supreme Court in the early case of United States v. Perez, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165. See Thompson v. United States, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146; Dreyer v. People of State of Illinois, 187 U.S. 71, 23 S.Ct. 28, 47 L.Ed. 79; Keerl v. State of Montana, 213 U.S. 135, 29 S.Ct. 469, 53 L.Ed. 734; Logan v. United States, 144 U.S. 263, 12 S. Ct. 617, 36 L.Ed. 429; Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974.

It is also settled law that a *nolle-prosequi* and a dismissal without prejudice do not bar a second prosecution for the same offense, inasmuch as such terminations are not tantamount to acquittal. See United States v. Fox, 3 Cir., 130 F.2d 56, certiorari denied, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535, holding that a *nolle prosequi,* unlike an acquittal, does not free the accused from the prosecution of the offense charged and is not a bar to a second indictment covering the same offense. See also District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17, certiorari denied, 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529; Ex parte Altman, D.C.S.D.Cal., 34 F.Supp. 106. Compare the recent opinion of the Supreme Court in

David Brock, Petitioner v. State of North Carolina, 344 U.S. 424, 73 S.Ct. 349.

In Lynch v. United States, 5 Cir., 189 F. 2d 476, certiorari denied, 342 U.S. 831, 72 S.Ct. 50, 96 L.Ed. 629, it was held that, where a mistrial had been declared in a criminal prosecution, the defendants could properly be put on trial again by the government on the same indictment, or on a new indictment for the same offense.

The judgment of the district court is affirmed.