**UNITED STATES of America**

v.

**Cesar GARCES DORREGO.**

**Cr. No. 7173.**

United States District Court
D. Puerto Rico, San Juan Division.
May 10, 1955.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, Puerto Rico, for plaintiff.

Antonio Reyes Delgado, Arecibo, Puerto Rico, for defendant.

RUIZ-NAZARIO, District Judge.

Defendant has moved to dismiss the indictment, alleging that the dismissal on March 6, 1953 by the United States Attorney, with leave of court, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. of a previous complaint filed against the defendant before the United States Commissioner for this Court, and his consequent arrest and admission to bail, as per Docket No. 23, Case No. 2570, for substantially the same charges alleged in the indictment herein, operates as a bar to his prosecution under the present indictment.

Said Rule 48(a) reads as follows:

*"Dismissal.*

"(a) By Attorney for Government. The Attorney General or the United States Attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

Defendant, in his brief, concedes that he "is not claiming a previous jeopardy".

Although it is true that the language of Rule 48(a) differs from the former practice as to *nolle prosequi* in criminal actions, in that said rule requires leave of court for the dismissal and provides that the *"prosecution"*, shall thereupon terminate, while under the former practice no leave of court was required for the dismissal and what was terminated thereby was denominated as the "proceeding", the court fails to attach to said changes the implications suggested by defendant.

The notes of the advisory committee that recommended the rule to the Supreme Court contain nothing tending to support said contention of the defendant or even suggesting that the change purported to attach the legal significance of jeopardy to the prosecution terminated by the dismissal thereunder.

A consideration of the Institute Proceedings held on the Federal Rules of Criminal Procedure at the New York University School of Law reveals that the framers of said rule never gave thought to any such construction thereof.

See: Federal Rules of Criminal Procedure with Notes and Institute Proceedings, New York University School of Law, Vol. VI, pp. 170, 171.

Dortch v. United States, 6 Cir., 203 F.2d 709, certiorari denied 346 U.S. 814, 74 S.Ct. 25, 98 L.Ed. 342; Lynch v. United States, 5 Cir., 189 F.2d 476, certiorari denied 342 U.S. 831, 72 S.Ct. 50, 96 L.Ed. 629, decided after the adoption of said rule, hold just the opposite.

The language used by the Supreme Court in United States v. Cadarr, 197 U.S. 475, at pages 479–480, 25 S.Ct. 487, 488, 49 L.Ed. 842, construing a provision of the Code of the District of Columbia which was more apt to suggest an intent to bar future prosecution, is entirely applicable here, and if the framers of Rule 48(a) and the Supreme Court in its adoption, had had the purpose "to work so radical a change in the law as to end the right of further prosecution for the offense" they would have used language more "apt for that purpose". The effect of the rule "upon the accused is not that he shall be discharged from prosecution for the offense, but that he shall be set free, if imprisoned, or his bail discharged, if released on bond." No doubt "it would require clear and specific language to indicate a legislative intent to bar the prosecution of all offenses" upon a mere dismissal of a complaint filed with the United States Commissioner with the consequent arrest of the accused, "when the latter is at large upon bond."

Moreover, the last sentence of Rule 48 (a) unquestionably supports the view that a dismissal thereunder does not lawfully operate as a bar to further prosecution of the defendant.

Said sentence reads as follows: "Such a dismissal may not be filed during the trial *without the consent of the defendant."* (Emphasis supplied.)

If the dismissal were to operate as a bar to further prosecution—why require defendant's consent when it is filed during the trial?

Nobody would seriously contend that a defendant who is on trial would refuse to be forever discharged of the offense for which he is being tried. It would be nonsense to require his consent to the dismissal if this were to operate as an absolute bar to further prosecution.

The purpose for requiring said consent must, therefore, be some other.

And this purpose cannot be other than one guaranteeing to the defendant the right to require that the trial proceed until he is acquitted or found guilty of the charge and thus, by his refusal to consent, avoid a dismissal of the prosecution *without prejudice,* which would subject him to a second trial for the same offense.

██ In view of the above, it must be held that Rule 48(a) of the Federal Rules of Criminal Procedure, merely contemplates a dismissal without prejudice, strictly equivalent to the *nolle prosequi*

under the old practice, which does not lawfully bar future prosecution for the offense charged, and that the proceeding in Docket No. 23, Case No. 2570 of the United States Commissioner, dismissed by this Court's order of March 6, 1953, does not amount to a former jeopardy, precluding the trial of the defendant under the indictment herein.

It is, therefore, ordered that defendant's motion to dismiss be, as it is hereby ordered, denied.