UNITED STATES of America

v.

Daniel P. SHANAHAN.

No. IP 58–CR–76.

United States District Court
S. D. Indiana,
Indianapolis Division.

Dec. 3, 1958.
On Motion for Reconsideration
Jan. 7, 1959.

Don A. Tabbert, U. S. Atty., and James L. Miller, Asst. U. S. Atty., Indianapolis, Ind., for the United States.

John H. O'Hara, Indianapolis, Ind., and Paul T. Smith, Boston, Mass., for defendant.

STECKLER, Chief Judge.

This cause is before the Court upon the Government's motion for leave of court to file a dismissal of the grand jury indictment in the above captioned cause. The motion was filed pursuant to Rule 48(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., and bears a filing date of November 19, 1958, the date of its receipt for filing by the Clerk of this Court. The motion was filed at about 4:00 p. m. on said date.

The Court's calendar shows that this case was set for trial to commence on the morning of Monday, November 24, 1958. Pursuant to custom, two cases were set for trial on said date, the other being the case of United States of America vs. Gus Henry Eldridge, Jr., No. IP 58–CR–80. The instant case, however, occupied the priority position as far as that particular date was concerned.

Consequently, counsel for the Government and for the defendant were advised by the Clerk of the Court that the instant case would go forward on Monday morning, November 24, 1958, and that the second case assigned for that date would be tried upon completion of the trial in the instant case. Notice of the calendar and the order of trial thereunder was given to counsel on or about October 10, 1958.

It thus appears that the instant motion was filed some two court days prior to the scheduled commencement of trial. No factual reasons or grounds are set forth in the motion.[1] In view of this fact, as well as the close proximity of the filing to the trial date, the Court was concerned as to why said motion had not been filed at an earlier date so as to avoid unnecessary preparations for trial by both the court and counsel for the defendant. Consequently local counsel of defendant and the United States Attorney were notified to appear before the Court in order that an explanation might be had with respect to the reasons for the lateness in filing the motion as well as the factual reasons upon which leave to file a dismissal was requested.

■ The grand jury indictment by which this prosecution was commenced was filed in this court on August 18, 1958. The indictment charges the defendant with the violation of Title 18 United States Code § 1621, the offense alleged being that of perjury allegedly committed by defendant while appearing before the August, 1958 session of the United States grand jury for this district.[2] Such an offense strikes at the very trunk nerve of our system of administering justice. It is not a minor offense, but one possessed with grave consequences.[3] A motion for leave to dismiss a grand jury indictment charging such an offense cannot be taken lightly by the Court.

Pursuant to the aforesaid notice, Don A. Tabbert, United States Attorney, his assistant, James L. Miller and John H. O'Hara, local counsel for the defendant,[4] appeared before the Court at 2:00 p. m. on Friday, November 21, 1958. At the commencement of this hearing, the Court

1. "Comes now the United States of America, by Don A. Tabbert, United States Attorney for the Southern District of Indiana, by James L. Miller, Assistant United States Attorney, and respectfully moves the Court for leave to file a dismissal of the Indictment in the above captioned cause, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure."

2. "The Grand Jury charges:
   "That on or about the 15th day of August, 1958, Daniel P. Shanahan, a witness subpoenaed to appear in the United States District Court for the Southern District of Indiana, Indianapolis Division, to testify before the Grand Jury then in session at Indianapolis, Indiana, which said Grand Jury was then and there investigating alleged violations under and pursuant to the Internal Revenue Code of 1954, did appear before said Grand Jury, and having taken an oath administered by the Foreman of said Grand Jury, said Foreman being a person duly authorized by the statutes of the United States to administer oaths, that he would testify truthfully, did wilfully and contrary to such oath testify falsely to a matter material to the afore-said Grand Jury's investigation of alleged violations under and pursuant to the Internal Revenue Code of 1954, which he did not believe to be true, to wit: the said Daniel P. Shanahan testified that he did not place or make any telephone calls at any time from September, 1957, through and including November, 1957, from anywhere within the State of Massachusetts to Terre Haute, State of Indiana, whereas, in truth and in fact the witness, Daniel P. Shanahan, then and there well knew that he had made and placed fifteen (15) telephone calls, more or less, from various localities within the State of Massachusetts to certain telephone numbers listed as Lincoln 6281 and Lincoln 6197, which telephone numbers were located at 671½ Wabash Avenue, Terre Haute, Indiana, for the period beginning September, 1957, through and including November, 1957, in violation of Section 1621, United States Code, Title 18."

3. Justice Roberts once said, "Perjury is an obstruction of justice, * * *" United States v. Norris, 1936, 300 U.S. 564, 574, 57 S.Ct. 535, 539, 81 L.Ed. 808.

4. Defendant's chief counsel is located in Boston, Massachusetts.

announced that its purpose in summoning the parties was to have a full explanation made in respect to why the Government had taken the action in question at what the Court chose to term "the eleventh hour." Reduced to its essence, the reply of the United States Attorney was to the effect that a conference had been had with representatives of the Department of Justice in Washington on the preceding day, that the action could not have been taken earlier and that the motion was filed in the "best interests of justice." [5] A colloquy then ensued, in which the Court made the effort to elicit more specific factual reasons from the United States Attorney for the action taken by the Government. None were forthcoming, the Government preferring to stand on the somewhat abstract ground that the motion was made "in the interests of justice." At the close of said colloquy, counsel for defendant stated his objections to the instant motion. In essence, the objections were that it would work an injustice upon the defendant to dismiss the indictment at a time when he is prepared for trial with a view to having an ultimate disposition of the case and thus leave the door open for reindictment at a future date, unless the Government can offer a sound factual basis for so doing; that the Government has offered no such basis in this case.

■■ The untimeliness of the filing of the motion aside, the issue with regard to this motion is whether a court, in the exercise of its discretion, is justified in granting leave to file a dismissal of a grand jury indictment charging a serious offense when the request for such leave is made on virtually the eve of the trial and the sole basis of such a request is that in the estimation of the Government, it is "in the interests of justice."

The Federal Rules of Criminal Procedure, 18 U.S.C., became effective on March 21, 1946. Rule 48(a) thereof provides that "The Attorney General or the United States attorney may *by leave of court* file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant." (Emphasis added.) With regard to the first sentence of this rule, the notes of the Advisory Committee on Rules are illuminating. These notes read as follows:

"Note to Subdivision (a). 1. The first sentence of this rule will change existing law. The common-law rule that the public prosecutor may enter a nolle prosequi in his discretion, * * * prevails in the Federal Courts, In re Confiscation Cases, 7 Wall. 454, 457, 19 L.Ed. 196; United States v. Woody, D.C.Mont., 2 F.2d 262. This provision will permit the filing of a nolle prosequi *only by leave of court.* This is similar to the rule now prevailing in many States. A.L.I. Code of Criminal Procedure, Commentaries, pp. 895–897." (Emphasis added.) 18 U.S.C.A.

Apparently, the rule as submitted to the Supreme Court by the Committee as shown by the print that was published

---

5. The pertinent portion of the record reads as follows:

The Court: The Court has had this matter set for hearing this afternoon in regard to the Government's motion for leave to dismiss the action.

It is the Court's purpose of having a full explanation made in respect to the reasons why the Government has taken this action at what I would choose to call the 'eleventh hour.'

Mr. Tabbert (For the Govt.): You want to hear from us, your Honor?

The Court: Yes, sir.

Mr. Tabbert: We had hoped that this matter could have been reconciled prior to this, but this was the earliest possible time that it could have been done.

We have been in conference with representatives of the criminal division in Washington just yesterday, and this was the earliest time, your Honor, that it could have been done.

But it is in the best interests of justice that the motion be filed.

The Court: Do you have anything further to say than just that, Mr. Tabbert?

Mr. Tabbert: No, your Honor. We think this is—

at that time—gave the Attorney General or the United States Attorney a right to dismiss without leave of court, but required that there be filed a statement of reasons for the dismissal. The Supreme Court, however, revised the rule and adopted it as it now reads, that no statement of reasons is required but that leave of court must first be obtained. New York University School of Law, Institute Proceedings Vol. VI, pp. 170, 171 (1946).

In view of the above, the conclusion would seem inescapable that the Supreme Court, in approving Rule 48(a) in its present form, was expressing in positive fashion its belief that entry of a nolle prosequi by the Government is a permissive right only, requiring in all cases the approval of the court in the exercise of its judicial discretion. Apparently this view had some support prior to the adoption of the present rule.[6] To view the rule otherwise, as urged by the United States Attorney in this matter,[7] would render meaningless that part of the rule requiring leave of court to dismiss an indictment, information or complaint.

Since the adoption of the rule in question, the interpretation given above has been followed in the case of United States v. Doe, D.C.Conn.1951, 101 F.Supp. 609, 611. There, as here, the Government recommended dismissal of an entire indictment under Rule 48(a). The district court, speaking through Chief Judge Hincks, stated:

"In my view, the rule contemplates that the court shall exercise a sound

---

**6.** In this regard, see the excellent discussion of the pre-Rule 48(a) law given by Judge Underwood in United States v. Krakowitz, D.C.S.D.Ohio, 1943, 52 F. Supp. 774. In that case, defendant Krakowitz had been charged in two separate indictments with offenses of willfully evading the payment of income tax. The first indictment contained but a single count. The second indictment contained two counts. Upon the defendant's plea of guilty to the second count of the second indictment, the Government moved for a nolle prosequi as to the first count of that indictment and the entire first indictment. The Government's contention, in the words of the court was "that upon the presentation of such a motion, the Court is powerless to deny it, no matter what the factual showing may be, and no matter how repugnant the proposed motion may be to the conscience of the Court." 52 F.Supp. at page 779. The court then reviewed at length the authorities on the question and noted:

"Insofar as this Court is informed, no court has questioned the fact that the power to enter a nolle prosequi, insofar as his client, the Government, is concerned, has been given to the district attorney, and it is within the scope of his duties. This Court has no more intention of questioning that fact than it has of conceding that the control of this court over a motion before it is subject to the dictates of the prosecuting officer." 52 F.Supp. at page 781. After reviewing more authorities, the court concluded by holding:

"This Court holds as a matter of law, however, that when the prosecuting officer, as in this case, * * * by motion asks the sanction of the Court as his justification for the manner in which his authority is used, such motion seeks the active exercise of the sound judicial discretion of the Court. Under the circumstances, more than a mere ministerial or administrative act is involved; a judicial determination is sought, and the Court may grant or withhold its sanction as the circumstances may require. The determination required is a judicial determination in which the Court is not constrained by the desires or recommendations of the prosecuting authority. It is for the administrative departments to clothe their representatives with authority; but it is for the courts to say whether or not such authority shall be exercised through the arm of the court and sanctioned by court approval." 52 F.Supp. at page 784.

**7.** The view of the Rule held by the United States Attorney can best be ascertained by examining that portion of the record that follows:

The Court: Well, the Court, under the Rule, must approve the dismissal.

Mr. Tabbert: As I understand it, your Honor—

The Court: You must have leave of the Court to dismiss an action.

Mr. Tabbert: As I read the Rule, your Honor, we must have leave of the Court to file the action. But the—the statute does not require that the Court approve the dismissal.

discretion in the premises. And on fundamental principles, at least in the absence of very exceptional circumstances as for instance where the defendant has received a substantial sentence for another phase of the same offense, the court may not properly approve a dismissal of the entire case against any given defendant unless satisfied that the government lacks sufficient evidence to warrant a prosecution. Especially is this so where the matter is before the court on indictment as distinguished from information.

"Here, an Assistant Attorney General by telegram authorized an application for dismissal but makes no disclosure of the facts upon which his action is based. * * * Surely, if the court has discretion in the premises it is entitled to the factual information upon which the final departmental recommendation is based. If the Department deems it unwise to disclose any weaknesses in its case before the defendant has pleaded guilty, it can always submit its information in writing and request that the disclosure be sealed at least until sentence has been imposed." 101 F.Supp. at page 611.

Generally speaking, this court agrees with the expression of Chief Judge Hincks quoted above. So, in the instant matter, the court finds its thinking well summed up by the following words of that judge in the Doe case, supra:

" * * * I am still, after an adjourned hearing, left without information which in my judgment justifies a nullification of the indictment by a grand jury acting, so far as appears, in accordance with * * * usual judicial instructions and thus foreclosing the case from the determination of a petit jury." 101 F. Supp. at page 611.

The court does not entirely agree with the quoted passage to the effect that the only justification for a dismissal of an indictment is lack of sufficient evidence to warrant prosecution. However, it is of the firm belief that the bare assertion that the motion is made "in the interests of justice," when not implemented by explanatory facts, is plainly not sufficient to justify a court in permitting the dismissal of an indictment such as the one here in question. Ultimately, it is for the court in either granting or denying leave to file the dismissal, to agree or disagree with the conclusion of the Attorney General or the United States Attorney that the dismissal is "in the interests of justice." How can any judge exercise the sound judicial discretion with which he is charged under Rule 48 (a) when he is given absolutely no factual basis upon which to base such discretion. The answer is apparent, he cannot. The court feels that at the hearing held on this matter, the Government was afforded ample opportunity to present such factual information as it had to justify the requested leave to dismiss. Such facts were not forthcoming.

Thinking realistically, this Court deems it unwise and impractical to compel the Government to go to trial in any criminal case which might jeopardize the Government in any way, or which might work an injustice upon a defendant. Still, this does not obviate the rule. With this in mind the Court concludes that the Attorney General or the United States Attorney should be given an additional opportunity to give the Court in an appropriate manner such information as they believe justifies the conclusion that in the interest of justice the indictment should be dismissed. Until that is done, leave of court to dismiss the indictment is denied, and the Clerk is directed to assign the case for trial on the January calendar.

It is so ordered.

## On Motion for Reconsideration

This cause came before the court upon the motion of the government for reconsideration of the court's ruling of December 3, 1958, wherein the court denied leave to the government to dismiss the indictment. As stated in the court's entry of that date, the court ruled that the At-

torney General of the United States or the United States Attorney should be given an additional opportunity to give the court in an appropriate manner such information as he believes justifies the conclusion that in the interests of justice the indictment should be dismissed.

To the motion of the government for reconsideration, the defendant, on January 6, 1959, filed his memorandum in opposition thereto, and simultaneously filed a motion for oral argument. Since the motion of the government for reconsideration and the memorandum of the defendant in opposition thereto adequately state the positions of the parties, the court does not believe that either party would be prejudiced or jeopardized by the denial of the oral argument, nor is it felt by the court that the court would be further enlightened by an oral argument. Accordingly, the defendant's motion for oral argument is denied.

As previously stated herein, the government was given an additional opportunity to inform the court of the basis upon which it based its conclusion that the action should be dismissed "in the best interests of justice," without further elaboration or explanation. This the United States Attorney has now done to the court's satisfaction.

■ The defendant claims that if the government's motion to dismiss is granted, the defendant can never be assured that the charge brought against him is disposed of until the statute of limitations has expired. Though this may be true, nevertheless the law is settled that where the government dismisses a criminal action by leave of court, jeopardy does not attach, the dismissal being equivalent to the nolle prosequi under the common law, and, therefore, does not operate as a bar to a subsequent prosecution within the statute of limitations. Dortch v. United States, 6 Cir., 1953, 203 F.2d 709, 710.

In the Dortch case, the court stated:

"It is also settled law that a *nolle prosequi* and a dismissal without prejudice do not bar a second prosecution for the same offense, inasmuch as such terminations are not tantamount to acquittal. See United States v. Fox, 3 Cir., 130 F.2d 56, certiorari denied, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535, holding that a *nolle prosequi*, unlike an acquittal, does not free the accused from the prosecution of the offense charged and is not a bar to a second indictment covering the same offense."

In the case of United States v. Garces Dorrego, D.C., 17 F.R.D. 340, the defendant similarly complained of the government's action in a subsequent prosecution containing substantially the same charges as alleged in an earlier complaint which had been dismissed pursuant to Rule 48(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. The trial court being confronted with the Dortch decision, and others, held that the dismissal of the earlier complaint containing substantially the same charges as alleged in the subsequent indictment did not operate as a bar to prosecution under the indictment then before the court.

■ Obviously, in view of the settled law, the court agrees with the defendant that he cannot be assured that a subsequent charge alleging the same offense will not be brought against him, at least until the statute of limitations has expired. Be that as it is, nevertheless the court, as here, when satisfied by the explanation given by the United States Attorney that the prejudice which would likely be worked upon the government in another and far more reaching criminal action, outweighs the merits of the court's refusal to grant leave to dismiss the present action, then as a matter of sound judicial discretion it is incumbent upon the court to grant the leave requested by the government in its motion to dismiss.

For the reasons herein stated, It is therefore hereby ordered, adjudged and decreed that the government's motion for

leave to dismiss the indictment in this cause be and the same is hereby granted; and it is further ordered that the indictment herein be dismissed without prejudice.