**UNITED STATES, Appellant,**

v.

**David A. KENNEDY, Appellee.**

No. 4014.

District of Columbia Court of Appeals.

Argued May 19, 1966.

Decided June 17, 1966.

Charles A. Mays, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and John J. McKenna, Asst. U. S. Attys., were on the brief, for appellant.

O. B. Parker, Washington, D. C., for appellee.

Gerald F. Uelmen, with whom William W. Greenhalgh, Washington, D. C., and Michael L. Slive were on the brief (appointed by this court as *amicus curiae*), argued for affirmance.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This appeal arises from the dismissal by the trial court of an information charging appellee with simple assault. We are asked to decide whether the Court of General Sessions had jurisdiction to hear and determine the matter and, if so, whether that court erred in dismissing the information. For reasons to be developed, we answer these questions in the affirmative, and reverse the decision below.

Appellee was arrested on January 22, 1966, and a complaint was filed in the United States District Court charging him with assaulting a police officer, a felony.[1] Upon his presentment in the U. S. Branch of the Court of General Sessions, he was held for the action of the grand jury, which subsequently returned an ignoramus bill. On March 23, 1966, the felony complaint was dismissed[2] and on the same day, appellee appeared in the Court of General Sessions to answer an information charg-

ing him with simple assault, a misdemeanor.[3] A motion to dismiss the information was granted on the grounds of "want of jurisdiction, and because the prosecution was terminated when the grand jury ignored the A.P.O. complaint." The government appeals.

■ Initially, we must determine the construction to be given Rule 48(a) of the Federal Rules of Criminal Procedure, which states:

"The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint *and the prosecution shall thereupon terminate.* Such a dismissal may not be filed during the trial without the consent of the defendant." (Emphasis added.)

The trial court gave this language a literal interpretation and ruled that appellee could not be tried for simple assault because the prosecution of all offenses had terminated with the dismissal of the felony complaint. This was error.

■ Prior to the enactment of the Federal Rules, a prosecutor could enter a *nolle prosequi* at his discretion without any action by the court. Confiscation Cases, 74 U.S. (7 Wall.) 454, 457, 19 L.Ed. 196 (1869). The purpose of Rule 48(a) was to prevent the harassment of a defendant caused by charging, dismissing and recharging him without placing him in jeopardy. United States v. Cox, 342 F.2d 167 (5th Cir.1965), cert. denied, Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L. Ed.2d 700 (1965); Woodring v. United States, 311 F.2d 417 (8th Cir.1963), cert. denied, 373 U.S. 913, 83 S.Ct. 1304, 10 L. Ed.2d 414 (1963). It is now the province of the District Court to determine whether the dismissal is sought to harass the defendant, or whether, as here, the government sought to dismiss because of the

1. D.C.Code 1961, § 22–505.

2. Fed.R.Crim.P. 48(a).

3. D.C.Code 1961, § 22–504.

action of the grand jury in returning an ignoramus. United States v. Greater Blouse, Skirt & Neckwear Con. Ass'n, 228 F.Supp. 483 (S.D.N.Y.1964). The rule did not, however, change the former practice which permitted a recharging following a *nolle prosequi.* Dortch v. United States, 203 F.2d 709 (6th Cir.1953), cert. denied, 346 U.S. 814, 74 S.Ct. 25, 98 L.Ed. 342 (1953); United States v. Fox, 130 F. 2d 56 (3d Cir.1942), cert. denied, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535 (1942); United States v. Shanahan, 168 F.Supp. 225 (S.D.Ind.1959); United States v. Garces Dorrego, 17 F.R.D. 340 (D.P.R. 1955). In this regard we are entirely in accord with the analysis in *Garces Dorrego,* supra, of the effect of the rule, and with that court's holding that it "merely contemplates a dismissal without prejudice, strictly equivalent to the *nolle prosequi* under the old practice." See District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17 (1942), cert. denied, 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529 (1942). Thus the government could have sought to indict appellee before the same or a different grand jury, or as in the case before us, prosecuted him for a misdemeanor.

■ Appellee claims, however, that in any event the Court of General Sessions lacked jurisdiction because when he was bound over for the grand jury, jurisdiction was vested in the District Court, and a fortiori, the Court of General Sessions was divested of any jurisdiction it might have had. While we may assume without deciding that in the interval between the filing and the dismissal of the complaint a misdemeanor could only have been prosecuted in the District Court, once the dismissal was effected, and the prosecution terminated in that forum, the government was at liberty to proceed by information in either the District Court or the Court of General Sessions, which have concurrent misdemeanor jurisdiction.[4]

■ Finally, appellee contends that he was denied a speedy trial,[5] and urges that we affirm the trial court on this basis. The right to a speedy trial, however, is not the right to an immediate one, and only where a prejudicial delay occasioned by forces other than the normal processes of our judicial system has occurred will a defendant be released because of a violation of this constitutional guarantee. See Williams v. United States, 102 U.S.App.D.C. 51, 250 F.2d 19 (1957).

Appellee's case was presented to a grand jury, the traditional procedure when a felony indictment is sought, and the ordinary delay caused by said presentment is not such as will justify finding a denial of a speedy trial. See Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394 (1962), cert. denied, 371 U.S. 896, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962). The record shows that the grand jury considered the case on March 9, 1966, and that the ignoramus bill was filed in the District Court on March 23, 1966. In the light of the choices available to appellant, i. e., resubmission of the case to a grand jury, filing an information charging a misdemeanor in either the District Court or the Court of General Sessions, or complete abandonment of the matter, we do not believe that this two-week delay (assuming the grand jury returned the bill in one day) was so unreasonable as to constitute a ground for dismissing the information. This is in accord with the general rule that such relief will be granted only when the delay has been arbitrary, purposeful, oppressive or vexatious. Smith v. United States, 118

4. D.C.Code 1961, § 11–963 (Supp. V, 1966).

5. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, * * *." Appellee's reliance on Rule 48(b), Fed.R.Crim.P., is misplaced since the Federal Rules of Criminal Procedure have not been adopted by the Court of General Sessions.

U.S.App.D.C. 38, 331 F.2d 784 (1964). No such claim has been made.

We therefore reverse the ruling of the trial judge and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.