UNITED STATES, Appellant,

v.

Betty H. FOSTER, Appellee.

Nos. 4064, 4065.

District of Columbia Court of Appeals.

Argued Dec. 12, 1966.

Decided Feb. 3, 1967.

Carol Garfiel, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and Henry A. Berliner, Jr., Asst. U. S. Attys., were on the brief, for appellant.

James A. Strazzella, Asst. U. S. Atty., also entered an appearance for appellant.

Walter M. Clarke, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge:

On March 16, 1966, appellee was charged with soliciting for purposes of prostitution [1] and simple assault.[2] Following two continuances, one resulting from a request for a jury trial on the assault charge, the cases came on for trial May 5. At that time the Assistant United States Attorney informed the court that one of the government's witnesses was not present and that he desired to enter *nolle prosequis* in both cases. The court asked appellee's counsel if he and his client would agree to that procedure and was informed that they would not; it next inquired of the prosecutor whether he intended to subsequently issue new informations against appellee for the same charges and was advised that such a procedure was being seriously considered. The court then directed the Assistant United States Attorney to proceed but he declined on the ground that no case was then pending before the court. The court ordered that the witnesses be sworn and again instructed the prosecutor to proceed; when he refused, the court found appellee not guilty. After the parties had left the courtroom, the judge realized that the assault case was to be tried by jury and that no jury had been impaneled or sworn. He then directed that the entry of judgment in that case be modified to read, "Dismissed for want of prosecution."

The issue before us is the scope of the power of the prosecutor to enter a *nolle prosequi* in a case pending before the Court of General Sessions. Three recent decisions of this court have fully analyzed that power. United States v. Kennedy, D.C. App., 220 A.2d 322 (1966); Smith v. District of Columbia, D.C.App., 219 A.2d 842 (1966); District of Columbia v. Weams, D.C.App., 208 A.2d 617 (1965). In those cases we noted that prior to the enactment of Rule 48(a) of the Federal Rules of Criminal Procedure,[3] a prosecutor could enter a *nolle prosequi* at any time before trial without the approval of the court or the consent of the accused. Rule 48(a) qualified this by requiring leave of court before a *nolle prosequi* could be entered but that rule is not applicable to the Court of General Sessions, nor has any similar rule been adopted by it.

In the *Smith* case we noted:

"We are therefore guided by the dictates of the common law rule which confers not absolute power upon the prosecutor to nol-pros informations in criminal trials in the Court of General Sessions but 'almost absolute' power, subject only to judicial restraint if that right is arbitrarily or oppressively used." (219 A.2d at 844.)

1. D.C.Code § 22-2701 (1961).

2. D.C.Code § 22-504 (1961).

3. Rule 48(a) provides: "The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

Earlier we had stated that such judicial restraint may be exercised when the prosecutor's authority to nol-pros is exercised in a manner that is scandalous, corrupt, or capricious and vexatiously repetitious. District of Columbia v. Weams, supra. By no reading of the facts of the instant case can the government's action in entering the *nolle prosequis* be characterized as any of the above abuses of its power. The judgments of the trial court must therefore be vacated and *nolle prosequis* entered in both cases.

Appellee contends, however, that to allow the government to file new informations at a subsequent date would violate the double jeopardy clause of the Fifth Amendment. As a general rule, jeopardy attaches when a jury has been impaneled and sworn or when the court, sitting without a jury, begins the hearing of evidence. Hunter v. Wade, 169 F.2d 973 (10th Cir. 1948), aff'd, 336 U.S. 684, 69 S.Ct. 834, 93 L. Ed. 974 (1949); Clawans v. Rives, 70 App. D.C. 107, 104 F.2d 240, 122 A.L.R. 1436 (1939). The facts show that appellee was not placed in jeopardy in the trial court. Moreover, it has been conclusively determined that trial on a new information following entry of a *nolle prosequi* is not so barred. Dortch v. United States, 203 F.2d 709 (6th Cir.), cert. denied, 346 U.S. 814, 74 S.Ct. 25, 98 L.Ed. 342 (1953); Hensley v. United States, 82 U.S.App.D.C. 14, 160 F.2d 257, cert. denied, 331 U.S. 817, 67 S.Ct. 1305, 91 L.Ed. 1835 (1947); United States v. Shanahan, 168 F.Supp. 225, 230 (S.D.Ind. 1959); United States v. Garces Dorrego, 17 F.R.D. 340 (D.P.R.1955); see District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17, cert. denied, 317 U.S. 658, 63 S. Ct. 57, 87 L.Ed. 529 (1942).

The action of the trial court requires further comment. In United States v. Cox, 342 F.2d 167 (5th Cir.), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965), the court stated:

"Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, *that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions.* [Footnotes omitted.]" (Emphasis added.) (342 F. 2d at 171.)

We further believe that the administration of justice can best be served if trial judges confine themselves to their judicial duties and refrain from *ex cathedra* attempts to "reform" those practices of the office of the United States Attorney which have been sanctioned by appellate tribunals.[4]

Judgments vacated; nolle prosequis ordered entered.

---

4. See United States v. Shaw, D.C.App. (No. 4053, decided February 3, 1967).