UNITED STATES of America,
Plaintiff,

v.

Jose Maria Gomez GERMAN,
Defendant.

Cr. No. 247–72.

United States District Court,
D. Puerto Rico.

Nov. 27, 1972.

Julio Morales-Sanchez, U.S. Atty., for plaintiff.

Abraham Freyre Montero, Santurce, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This cause is before the Court upon plaintiff's request for dismissal without prejudice of Counts Two, Three and Four of the Indictment pending against the herein defendant, after said defendant entered a plea of guilty to Count One and the Court duly sentenced him.

On June 15, 1972, a Four Count Indictment was returned by the Grand Jury against the defendant charging that he falsely and wilfully represented to be a citizen of the United States before Immigration Officers, when in fact, he is a Dominican alien, in violation of Title 18, United States Code, Section 911 (Count One); that he knowingly did make and caused to be made a false, fictitious and fraudulent representation as to material facts in a matter within the jurisdiction of the Department of State, an agency of the United States, in violation of Title 18, United States Code, Section 1001, (Count Two); that he wilfully and knowingly did make a false statement in an application for a passport with the intent to induce and secure for his own use the issuance thereof under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in violation of Title 18, United States Code, Section 1542, (Count Three); and that he unlawfully, knowingly and wilfully did use a United States Passport, which passport had been secured by means of false representations in violation of Title 18, United States Code, Section 1542, (Count Four).

On July 7, 1972, defendant herein entered a plea of guilty to Count One and the Court accepted it in compliance with Rule 11 of the Federal Rules of Criminal Procedure. The Court ordered a presentence report from the Probation Officer and after having had the benefit of such report, on August 11, 1972, the Court sentenced the defendant. At the time of sentence, the attorney for the plaintiff, as was the understanding between him and the attorney for the defendant, moved for a dismissal of Counts Two, Three and Four of the Indictment. Yet, the plaintiff asked that the dismissal be granted by the Court without prejudice.

Statements of counsel were heard at the sentencing date [1] and the Court also requested the parties to file memoranda of law on the subject.

On September 28, 1972, the plaintiff filed its memorandum in relation to the dismissal without prejudice. The attorney for the defendant has not filed any memorandum.

It is plaintiff's contention that Rule 48(a) of the Federal Rules of Criminal Procedure, Title 18, United States Code, is applicable to the present situation.[2] Likewise, plaintiff rests its motion on cases decided under the mentioned rule; which cases decide that a dismissal pursuant to said rule is without prejudice.[3]

---

1. The Court was informed by the plaintiff, at the sentencing date, that the reason behind its request that the dismissal be granted without prejudice is that the government feels that in the event the herein involved guilty plea is vacated, the government wants to have the opportunity to proceed with all the Counts of the Indictment instead of the only count (Count One), that may be left pending by a vacation of sentence.

2. The mentioned Rule, reads:
   "The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prose-cution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

3. United States v. Chase (4 Cir. 1967), 372 F.2d 453, cert. denied 387 U.S. 907 (1967); Mann v. United States (C.A. 1962), 113 U.S.App.D.C. 27, 304 F.2d 394, cert. denied 371 U.S. 896, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962); United States v. Becker, 221 F.Supp. 950 (D.C. Mo.1963); United States v. Shanahan, 168 F.Supp. 225 (D.C.Ind.1959); United States v. Bowles, 183 F.Supp. 237 (D.C. 1958); United States v. Garces Dorrego, 17 F.R.D. 340 (D.C.P.R.1955).

Plaintiff also asserts that although the dismissal of Counts Two, Three and Four in this case is requested after the defendant has entered a plea of guilty as to Count One, and the Court has accepted it and sentenced him pursuant to said plea, Rule 48(a) and the cited decisions under it are controlling. Finally, plaintiff contends that in the event a vacation of sentence would occur as to Count One of the Indictment in this case, to which the defendant has pleaded guilty, nothing would bar the future prosecution of the defendant on all Counts of the Indictment since the dismissal requested, according to Rule 48(a) is without prejudice.

The Court, after having heard the parties, having carefully studied the memorandum filed by the plaintiff, having done extensive research on its own, and otherwise, being fully advised on the premises, is of the opinion that plaintiff's motion should be granted. To such effect, the Court deems appropriate to enter a formal opinion fully discussing the issue herein presented clarifying and limiting the extension of its holding.

The facts of this case make it unnecessary to comment in relation to the consent of the defendant herein.[4]

■ Since a plea of guilty constitutes a waiver of several constitutional rights including the right to trial and the rights to confront the accusers, in addition to a waiver of the privilege against self incrimination,[5] when it is entered after a plea-bargaining session between the government and the defendant, the Court looks at it and at its ramifications with great precaution. As the Supreme Court of the United States has said:

"For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious—his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated. For the State, there are also advantages—the more promptly imposed punishment after an admission of guilty may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof." Brady v. United States, 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970). See also Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

■ It is the general law that a dismissal of an indictment or an information under Rule 48(a) of the Federal Rules of Criminal Procedure, Title 18, United States Code, is without prejudice and does not bar the reindictment for the same offense, provided the statute of limitations has not run. United States v. Chase (4 Cir. 1967), 372 F.2d 453, cert. denied 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); Mann v. United States (C.A.1962), 113 U.S.App.D.C. 27, 304 F.2d 394, cert. denied 371 U.S. 896, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962); Spriggs v. United States (9 Cir. 1955), 225 F.2d 865, cert. denied 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830 (1956); United States v. Becker (D.C.Mo.1963), 221 F.Supp. 950; United States v. Bowles (D.C.Me.1958), 183 F.Supp. 237; United States v. Shanahan (D.C.Ind. 1959), 168 F.Supp. 225; United States v. Garcés Dorrego (D.C.P.R.1955), 17 F.R.D. 340. In our opinion, such is the law even in the case where the govern-

---

4. The request for dismissal in this cause comes after a plea bargaining session held between the parties prior to trial. Hence, the second sentence of Rule 48(a) is inapplicable to the present situation.

5. Boykin v. Alabama, 395 U.S. 902, 89 S.Ct. 1739, 23 L.Ed.2d 216 (1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); United States v. Ready (4 Cir. 1972), 460 F.2d 1238.

ment only requests dismissal of particular counts of the indictment or information. See also: 8A Moore's Federal Practice, Section 48.02 [1], page 48.5.

We are also of the opinion that in the present situation, which has its origin in a plea bargaining session, Rule 48(a) is applicable.[6]

The record before the Court reflects that the government by requesting a dismissal without prejudice tries to avoid to be unable to proceed against this defendant in the future on all the counts he was originally charged with, if he requests and obtains a vacation of the sentence imposed on him upon his plea of guilty on Count One, after the plea-bargain.

■ Confronted with a situation similar to the one contemplated by the government, Chief Judge Lumbard, speaking for the Court of Appeals for the Second Circuit, in a concurring opinion, in the case of United States v. Liguori, 2 Cir., 430 F.2d 842 (1970), cert. denied 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971), stated at page 851, the following:

"There can be no doubt that a bargain was reached in this case and that Liguori, by pleading to count three and securing the dismissal of all the other counts, benefited greatly from the arrangement. That he can now assert the benefit of his bargain and avoid entirely the reciprocal burden was certainly not within the contemplation of the court or the parties.

In such a situation, there appears to be every reason to permit the government either to re-indict Liguori on the other counts, or to move in the district court to vacate the dismissal of the other counts.[7] * * *."

In *Liguori* and other cases that followed,[8] the therein defendants were able to have the sentences imposed upon them vacated after plea-bargaining was had between them and the government, by asserting defenses made available to them after their change of plea and sentence. In those situations, the federal courts involved have considered the possibility of re-indictment in the dismissed counts or of a vacation of the dismissals of said counts.[9]

■■ We are of the opinion that a further prosecution by re-indicting the defendant could only be possible if the statute of limitations has not become a bar to such a prosecution.[10] United States v. Chase, supra; Mann v. United States, supra; Spriggs v. United States, supra; United States v. Becker, supra; United States v. Bowles, supra; United States v. Shanahan, supra; United States v. Garces Dorrego, supra. See also United States v. Liguori, supra. We are also of the opinion that when a dismissal of other counts of an indict-

---

6. We are not confronted with the usual situation wherein the dismissal of certain counts is accomplished by motion of defendant to which the government consents, avoiding the application of Rule 48. See 8A Moore's Federal Practice, Section 48.02[1], page 48.5.

7. In the case under our consideration, the government only contemplates if the defendant later obtains a vacation of the sentence imposed in view of his plea under Count One, re-indicting the defendant on all charges he originally was charged for in the indictment against him. By requesting that the dismissal of the other charges, not included in his plea of guilty, be made without prejudice, the govern-

ment will avoid having to request in the future from this Court to vacate the dismissal of the other counts, as contemplated in United States v. Liguori, supra.

8. Harrington v. United States (5 Cir. 1971), 444 F.2d 1190, 1194; Martin v. United States (D.C.N.Y.1972), 339 F. Supp. 1187, 1189.

9. See our footnote number 7.

10. In our opinion, such is the law also in the case when the government moves the court to vacate the dismissal of any other count of an indictment made after a defendant pleaded guilty, the court accepted the plea and sentenced him.

ment is discussed in a plea-bargaining session and the other counts are dismissed without prejudice, upon the government's request, after the court accepts the change of plea and sentences a defendant, if a re-indictment on the dismissed charges is performed, the court will assure that such a re-indictment is not requested in order to harass or prejudice the defendant. Thus, the court would make a separate determination which would be reviewable on appeal. If it further appears that the defendant, to his prejudice, performed his part of the agreement while the government did not, the new indictment may be dismissed. United States v. Carter, 454 F. 2d 426 (1972); United States v. Paiva, 294 F.Supp. 742 (1969). In the event that the herein defendant would move to vacate the sentence, tacitly he would be repudiating the former bargained plea and if the government has substantial evidence, that he had committed the other offenses, he could be tried for them by re-indicting on the dismissed counts.[11]

We see no reason by which defendant may be prejudiced by a dismissal without prejudice at this moment. The present disposition in no way will affect the right of the herein defendant to request a vacation of the sentence we imposed on him upon his plea of guilty as to Count One any time he feels entitled to such a relief. We merely say today that if he so does, he tacitly repudiates the plea-bargain had between him and the government.

In view of the foregoing, the Court hereby orders, that the dismissal of Counts Two, Three and Four of the Indictment against the herein defendant be and the same hereby is granted without prejudice.

It is so ordered.

11. Harrington v. United States, supra; United States v. Liguori, supra; Martin v. United States, supra.