**UNITED STATES of America,**

v.

**Loretta Claire MARRA, Dennis John Malvasi, Defendants.**

**No. 01–CR–060A.**

United States District Court, W.D. New York.

Oct. 17, 2002.

281

Bruce A. Barket, Garden City, NY, for Loretta Claire Marra.

Thomas Eoannou, Buffalo, NY, for Dennis John Malvasi.

Kathleen M. Mehltretter, U.S. Attorney's Office, Buffalo, NY, for U.S.

## DECISION AND ORDER

ARCARA, District Judge.

The defendants, Loretta Claire Marra and Dennis John Malvasi, are charged in a six-count indictment with obstruction of justice, conspiring to obstruct justice, aiding and abetting the flight of a fugitive, and perjury.[1] The charges against the defendants stem from their alleged role in assisting fugitive James Charles Kopp in his effort to avoid prosecution for over two years. Kopp is charged in a two-count indictment with killing Dr. Barnett Slepi-

an, a physician who performed reproductive healthcare services (including abortion services) in this District, and with using a firearm in relation to that crime. *See United States v. James Charles Kopp*, 00–CR–189A (W.D.N.Y.).

Trial on this matter was scheduled to commence on September 24, 2002. On September 23, 2002, the Court received a motion by the government to dismiss all of the charges in the indictment against both of the defendants, pursuant to Fed. R.Crim.P. 48(a). The government is seeking to dismiss all of the charges in the pending indictment, only after first filing a criminal complaint charging the defendants with a single count of conspiracy to harbor a fugitive in the Eastern District of New York. The government has indicated that the defendants consent to its motion. The government has also communicated to the Court that, if the motion to dismiss is denied, the government will not present any evidence at trial, which would then require the Court to enter a judgment of acquittal in favor of the defendants.

The government asserts that dismissal of the charges is necessary in order to avoid jeopardizing the successful prosecution of *United States v. James Charles Kopp*, 00–CR–0189A. The government claims that the trial of defendants Marra and Malvasi will force the government to disclose confidential witnesses that may be called during the *Kopp* trial, and that such disclosure would jeopardize the government's case against Kopp because those witnesses might be intimidated or harassed by the media and the public.[2]

---

1. Only defendant Malvasi is charged with perjury.

2. The government has offered to provide the Court with a sealed *in camera* affidavit that would more fully disclose its reasons for dismissal. However, where the government seeks dismissal of charges in an indictment,

Rule 48(a) contemplates public exposure by the government of its reasons for doing so. *See United States v. Rosenberg*, 108 F.Supp.2d 191, 204–05 (S.D.N.Y.2000) ("[Rule 48(a)] contemplates *public exposure* of the reasons for the abandonment of an indictment ... in order to prevent abuse of the uncontrolled power of dismissal previously enjoyed by

The government's claim that successful prosecution of this case will adversely impact the *Kopp* prosecution is suspect for several reasons. First, defendant Kopp is being simultaneously prosecuted in both state and federal court. Under the government's theory, at some point the disclosure of witnesses in the state case will jeopardize prosecution of Kopp in the federal case. Yet, the government appears not to be concerned about the media attention and harassment of witnesses at that time or the potential impact of the state prosecution on the federal prosecution. Second, the government was well aware of its intention to keep witnesses confidential when it instituted the proceedings against defendants Marra and Malvasi. As such, the Court questions the government's judgment in bringing the indictment against these defendants if it never had any intention of pursuing those charges at trial.[3] Third, the government has not articulated how disclosure of witnesses will be avoided if the case is adjudicated in the Eastern District of New York.

It is obvious that the real reason for the government's eleventh-hour motion to dismiss the indictment is to bring this matter before another judge who would be more receptive to the proposed plea agreements that this Court has twice rejected. On two separate occasions, the Court rejected proposed plea agreements between the government and the defendants that contemplated a sentencing guidelines range of only 27 to 33 months for each defendant. The sentencing range contemplated in the proposed plea agreements was significantly lower than the 97 to 121–month sentencing range that the defendants would have faced if convicted after trial, as represented by the government during pretrial detention proceedings. The defendants are charged with helping fugitive James Charles Kopp evade prosecution for almost two years. The government has also represented that it has evidence that the defendants were seeking to bring Kopp back to the United States, to help him find work, and to place him in touch with other individuals who advocate violence against abortion providers. The Court found that the proposed plea agreements failed to reflect the seriousness of the offenses charged and were clearly structured to significantly limit this Court's sentencing discretion. Accordingly, the Court rejected the proposed plea agreements.

Having been unsuccessful in its efforts to get this Court to go along with the proposed plea agreements, the government is seeking to have this matter brought before another judge, in hopes he or she will merely rubber-stamp the plea deals this Court found unacceptable. This is a blatant case of judge shopping.

 Unfortunately, this Court's authority to deny the government's motion to dismiss is extremely limited. The law presumes that the prosecutor is the best judge of whether a pending prosecution should be terminated. *See United States v. Hamm*, 659 F.2d 624, 628–29 (5th Cir.

---

prosecutors.") (emphasis added); *see also United States v. Salinas*, 693 F.2d 348, 352 (5th Cir.1982) (stating that the prosecutor is under an obligation to supply "sufficient reasons" for the dismissal). For this reason, the Court has declined the government's offer to provide non-public information.

**3.** In fact, the entire prosecution of these defendants has been handled erratically. The government first brought a charge against the defendants in the Eastern District of New York, but then dismissed that charge and filed charges in this District. Now, the government seeks to dismiss the charges in this District and to prosecute the same charge that was initially instituted against the defendants in the Eastern District.

1981); *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir.1975), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976). Further, the Court is required to defer to the prosecutor's conclusion that successful prosecution of one case will jeopardize the successful prosecution of another. *See United States v. Shanahan*, 168 F.Supp. 225, 230 (S.D.Ind.1958). In other words, the Court is required to defer to the government's assessment of the public interest, even though the Court strongly disagrees with that assessment. *See United States v. Salinas*, 693 F.2d 348, 351 (5th Cir.1982); *United States v. Ammidown*, 497 F.2d 615, 622 (D.C.Cir.1973).

Finally and perhaps most importantly, if the Court were to deny the government's motion, it may have the effect of precluding the prosecution of the defendants in *any* forum. As noted, counsel for the government has communicated to this Court that, if the Court were to deny the motion and require the government to proceed to trial, the government would refuse to offer any evidence, thereby leaving this Court with no choice but to enter judgment of acquittal in favor of the defendants. If this were to occur, it is possible that dismissal of the charge now pending in the Eastern District would be required based upon double jeopardy grounds. Obviously, the public interest would not be served by pursuing this course, which might preclude prosecution of the defendants in any forum because of the legal maneuvering by the parties, over which neither the public nor this Court has any control.

Accordingly, for the reasons stated herein, the Court grants the government's motion to dismiss all of the charges in the indictment against the defendants.

Whether the prosecution of this case would have had an adverse effect on the *Kopp* prosecution may never be known. What is certain, however, is that the manipulative tactics pursued in this case will cause immeasurable damage to the public's confidence in the integrity of the judicial system.

IT IS SO ORDERED.