### UNITED STATES v. WOODY.

(District Court, D. Montana. October 4, 1924.)

No. 1164.

Criminal law ⬤�top302(2)—District attorney has absolute power to dismiss case.

The district attorney has absolute control over criminal prosecutions, and may dismiss or refuse to prosecute in his discretion, notwithstanding disapproval by the court.

Criminal prosecution by the United States against Franklin H. Woody. On motion by district attorney to dismiss indictment. Granted.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont., for the United States.

BOURQUIN, District Judge. The indictment presented June 27, 1922, charges that, while deputy collector of internal revenue of the United States, and from November, 1920, to March, 1921, defendant embezzled four different sums of money of the United States, ranging from $10 to $64. After nine months the bench warrant issued when indictment presented was by the marshal returned, "Unable to find." And now the prosecution moves to dismiss the indictment. The reasons advanced by the assistant district attorney (Mr. Higgins) are that accused has not been apprehended and considerable time has elapsed, that he is of a prominent pioneer family, is young, has divorced his wife and remarried her, is studying law in a California university, must of necessity plead guilty if arraigned, and thus his "career as a lawyer will be spoiled," that the government's losses have been reimbursed, and that the Attorney General has sanctioned dismissal.

Without enlarging upon what is obvious, the sufficiency of these "reasons" well may be doubted. They savor altogether too much of some variety of prestige and influence (family, friends, or money) that too often enables their possessors to violate the laws with impunity; whereas persons lacking them must suffer all the penalties. In brief, they and their like incite, if they do not justify, the too common reproach that criminal law is for none but the poor, friendless, and uninfluential; that in proportion to numbers the former are prosecuted, convicted, and punished in less degree than the latter, and their offenses are ignored, condoned, or pardoned in greater degree.

Than this belief in disparity in treatment of offenders, there is little that is more harmful to society, government, courts, law, and order; and, in so far as it is well founded, the basis of it is a pernicious evil, and abhorrent to justice. However, the district attorney has absolute control over criminal prosecutions, and can dismiss or refuse to prosecute, any of them at his discretion. The responsibility is wholly his. No leave of court is necessary; the court cannot prevent, and the motion is but a form to advise the court that the district attorney will not prosecute accused, and to clear the court's records of an abandoned case.

Says the Supreme Court in Confiscation Cases, 7 Wall. 454, 19 L. Ed. 196: "Public prosecutions * * * are within the exclusive direction of the district attorney, and, even after they are entered in court, they are so far under his control that he may enter a nolle prosequi at any time before the jury is impaneled for the trial of the case." See, also, 16 C. J. 434.

The power to determine whether a case shall be prosecuted to a conclusion must, of course, be lodged somewhere, and by common law the district attorney is made its repository. By no statute has Congress deprived him of it, in ordinary criminal cases. It is assumed he will exercise his

power under a heavy sense of duty to en-force the law, to prosecute offenders, and to protect society, and with wisdom and justice.

The court cannot control him, unless, as in some states, it is given the power by statute. He is not even required to give a reason for dismissal. He may defy what, if any, authority over him the Attorney General has, and prosecute, though directed to obstruct and defeat court and justice by connivance in flight by accused. See U. S. v. Davis, Fed. Cas. No. 14923, much like the case at bar. The court recognizes him alone in criminal prosecutions.

Hence this motion to dismiss must be and is granted, albeit reluctantly.