**UNITED STATES v. DOE et al.**

Cr. No. 8412.

United States District Court
D. Connecticut.

Dec. 14, 1951.

Adrian W. Maher, U. S. Atty., New Haven, Conn., for U. S. Government.

Gerald Wallace, Old Greenwich, Conn., for defendant.

HINCKS, Chief Judge.

In view of the situation which arose at the hearing of December 3, 1951, on this and associated cases which were continued for further hearing, it occurs to me that it may be helpful for me to state my notion of the principles that should control the judge in the discharge of his responsibility with respect to the required rulings.

First, as to John Doe which is the name I use to designate a defendant

whose case is pending on a plea of not guilty. The recommendation of a dismissal of the entire case against John Doe was made, I assume, under Rule 48(a) of the Federal Rules of Criminal Procedure 18 U.S.C.A. which sanctions a dismissal at the instance of the Attorney General, or United States Attorney, "by leave of Court". In my view, the rule contemplates that the court shall exercise a sound discretion in the premises.[1] And on fundamental principles, at least in the absence of very exceptional circumstances as for instance where the defendant has received a substantial sentence for another phase of the same offense, the court may not properly approve a dismissal of the entire case against any given defendant unless satisfied that the government lacks sufficient evidence to warrant a prosecution. Especially is this so where the matter is before the court on indictment as distinguished from information.

 Here, an Assistant Attorney General by telegram authorized an application for dismissal but makes no disclosure of the facts upon which his action is based. The reports of other officers both in the Bureau of Internal Revenue and the Department of Justice contained in the official file which was offered in evidence appeared to indicate a view that the government had sufficient evidence to warrant prosecution and sustain conviction. The seeming conflict in the official view seems to me not satisfactorily explained. Surely, if the court has discretion in the premises it is entitled to the factual information upon which the final departmental recommendation is based. If the Department deems it unwise to disclose any weaknesses in its case before the defendant has pleaded guilty, it can always submit its information in writing and request that the disclosure be sealed at least until sentence has been imposed.

In so far as the facts here have been disclosed to me, it appears that the ultimate issue is whether the defendant participated in a fraudulent scheme with *guilty knowledge*. This is peculiarly a question of fact to be determined not only after consideration of the defendant's exculpatory statements which the Department may (or may not) have accepted, but also on inference reasonably drawn from the surrounding circumstances. If the official attitude means that the Attorney General now believes that the government lacks evidence to warrant a prosecution I lack information which would justify any challenge of his sincerity or of the soundness of his judgment. But by the same token I am still, after an adjourned hearing, left without information which in my judgment justifies a nullification of the indictment by a grand jury acting, so far as appears, in accordance with my usual judicial instructions and thus foreclosing the case from the determination of a petit jury.

 The official communications referred to above make it unmistakably plain that in this case the application for a dismissal as to Doe was based upon a premise that Doe's co-defendants should plead guilty or nolo contendere.[2] Even if, contrary

1. As to this, the note of the Advisory Committee on the Federal Rules of Criminal Procedure expressly recognizes that Rule 48(a), in so far as it requires leave of court to accomplish a dismissal, changed the former law under which no such leave was required. Some history of the law is sketched in the remarks of the Hon. G. Aaron Youngquist, of the Advisory Committee, a former Assistant Attorney General in charge of the tax division of the Department of Justice, before the Institute on Federal Rules of Criminal Procedure of the New York University Law School at a session held February 15, 1946. (See page 170 of a volume entitled "Federal Rules of Criminal Procedure" with notes of the Committee and Proceedings of the Institute published under the imprimatur of the New York University School of Law, 1946.)

2. The Government file which the U. S. Attorney put into the record does not show that this premise was the product of a bargain between Government officials and defendants' attorney: the papers contained therein constituted only intra-departmental and inter-departmental communications reporting considerations believed to be appropriate for formulation of the official attitude toward a dismissal. And I accept without reservation the assurances of counsel on both sides that the condition which was

to the assurances given me, this condition had been incorporated into a bargain with the defendants, I fully recognize that the policies of the Treasury Department and of the Department of Justice are not subject to review by judicial officials unless and until the validity of such policies comes into issue in judicial proceedings. But, whatever the policies of other departments may be, I consider it fundamentally improper for a judge to approve a concession on the part of the Government as to one defendant or individual, which is conditioned upon the plea or pleas of other defendants or individuals. The dismissal can be approved only on a showing that the Government lacks evidence to warrant a prosecution.

In my opinion, somewhat different considerations affect the exercise of judicial discretion with respect to dismissals of subsequent counts against co-defendants who have pleaded guilty (or nolo contendere) on one or more counts of a continuing offense. Any agreement, informal or otherwise, to dismiss a subsequent count conditioned on a plea to one or more counts, at least in the situation of the cases now pending, appears to be free from the vice of trading the acknowledged guilt or innocence of one individual against another.[3] And so here, as generally in cases involving several counts which are based upon different aspects or phases of a continuing offense, I feel that the court is under no duty to upset an arrangement acceptable both to the government and the defendant, *provided, however, the arrangement is such as to leave the court with ample discretion in fixing a sentence deemed fully to satisfy the ends of justice in the light of all the relevant facts in the case.* Of course, the parties must understand that any such arrangement tentatively made by prosecuting authorities is subject to approval by the court which must in every case reserve complete liberty of discretion until at the time of hearing on sentence it is fully advised as to the controlling facts. And in such a situation, the parties also are entitled to understand that the court will not load its sentence on one count to reflect guilt under another count which has been dismissed. But even though approval of a dismissal in such a situation need not necessarily be withheld because the dismissal is the product of an agreement between the parties, the question will remain whether in the exercise of a sound discretion the judge shall determine that the dismissal is compatible with the public interest.

Applications for leave to dismiss some out of several counts in cases. in which the defendant has pleaded guilty to one or more counts are generally and very properly held in abeyance until the hearing on sentence. If presented then the judge will have two duties to discharge, viz.: (1) formulate an appropriate sentence and (2) determine whether a dismissal as to any counts should be approved. These tasks may be inter-related, but not necessarily so. For instance, an application for a dismissal based upon the representation that the government, notwithstanding the pendency of indictment or information, lacks evidence to warrant a prosecution, will normally be independently considered. However, even in such cases some showing may be in order to explain why evidence deemed sufficient to support counts which are pressed, is inadequate to support the counts presented for dismissal,—especially in cases of multiple counts for offenses essentially part of the same course of wrongdoing.

A different situation is presented when a dismissal is recommended on the ground that the count is moot for all prac-

---

deemed by departmental authorities to be an appropriate limitation upon their attitude toward a possible dismissal as to one was no part of an agreement intended or effective to induce pleas by others.

3. By this I do not mean to imply that in this particular case there was any trading between the parties. See Note 2

above. I observe only the distinction which exists between agreements, on the one hand, whereby the innocence of one defendant is conceded in return for a plea by another, and agreements, on the other hand, whereby as to one defendant a dismissal on one or more counts is to be recommended on condition that he shall plead guilty to at least one count.

tical purposes because conviction on the remaining count or counts leaves the court ample discretion in formulating a sentence which will do complete justice. This is particularly so in cases in which, due to the defendant's indigence or other causes, a fine would not be appropriate, leaving for the judge only the problems involved in fixing an appropriate sentence of confinement. This is essentially a social problem: the need for a sentence of confinement and its appropriate duration can generally be as well assessed on the basis of one or two counts (supplemented by a comprehensive pre-sentence report) as on a multiplicity of counts.[4]

But in cases in which a fine is appropriate as a criminal penalty, further considerations interpose. This is so because public policy, as I conceive it, requires that all potential defendants shall

be on notice that wrongdoing is apt to be not profitable but downright expensive,— an observation particularly applicable in fraud cases such as these.[5] Since, in my view the appropriate sentence should reflect this factor and thus depends upon the pecuniary profit which but for detection would have derived from the crime, the judge will need authoritative information as to the pecuniary measure of the entire wrong committed before he can intelligently assess an appropriate sentence, or before he can decide whether he may properly approve a dismissal as to any count which in the state of the government's proofs is supportable. He will also need all available information as to the defendant's capacity to pay a fine as, in my view at least, it is not sound sentencing policy to impose fines beyond the capacity of the defendant to pay.[6]

4. This is a consideration which I think prosecutors should assess when formulating charges for which evidence is available to sustain a multiplicity of counts. Occasionally in past years—and in other districts, I will add—I have presided at trials in which an unproductive use of trial time was consumed by proofs on a multiplicity of counts when precisely the same verdict and same sentence would have ensued on proof of two or three selected counts. In my limited experience, this observation is particularly applicable to mail fraud cases. In these days of crowded dockets, this is a factor which deserves careful consideration in advance of trial. Of course, in cases against defendants believed to have some financial capacity additional counts, if available, may be desirable as foundation for an appropriate fine or for possible probation conditioned on restitution.

5. Generally speaking, the popular notion that drastic sentences are effective to deter potential offenders from crime is at variance, I think, with the history and modern content of criminology. Certainly, *severity* of sentence is far less effective as a deterrent than *certainty* of detection and sentence. However, in the field of calculated crimes committed for pecuniary gain, I at least hold to the view that together with the possibility of detection and conviction, the likelihood of a pecuniary penalty over and above

the loss of the fruits of crime may be expected to be one of the calculated risks which might have some deterrent effect on a potential offender.

6. In my view, a fine known to be beyond the defendant's capacity to pay, is not in accordance with sound sentencing policy. Like any judicial order which is not enforced it breeds disrespect for the judicial process. It tends to encourage lack of executive diligence in the collection of fines which with due diligence are collectible. If accompanied by a sentence of confinement it constitutes an arbitrary obstruction of parole and creates undesirable custodial problems. By obstructing economic rehabilitation, in the long run it operates to foment rather than to deter crime. And just as sound departmental policy requires that upon imposition of a fine a prompt and thorough collective effort should be made, so sound sentencing policy requires that if the fine imposed is then found to exceed the defendant's capacity to pay, report of that fact should be made to the court through the U. S. Attorney before the expiration of the sixty days within which under Rule 35 the court has power to abate the sentence. In tax frauds any jeopardy or other assessment which has become a lien upon the defendant's property to secure his civil liability will normally affect the capacity to pay a criminal fine. In such cases information will often be needed whereby the judge

614

■ In cases of tax fraud, the problem both of assessing the fine and of approving dismissal on selected counts is complicated because of the overlapping of the function of the court in imposing fines with the power of the Treasury Department to assess civil penalties, 26 U.S.C.A. § 293 (b), and the power of the Treasury Department and the Attorney General to compromise civil cases arising under the internal revenue laws. I.R.C. 3761, 26 U.S.C.A. § 3761. To be sure, if no compromise has been effected before the imposition of sentence in the criminal case, the judge may properly proceed on the assumption that any fine imposed and paid will be given due consideration in the disposition of the civil liability for additional penalties. But this reflection will not obviate the need of the judge for information which will enable him to assess a fine appropriate to the size of the fraud committed.

■ When the civil liability has been settled before imposition of sentence and the presentation of selected counts for dismissal the terms of the settlement will generally complete the information on this score needed by the judge, at least if it has proceeded to such a stage that the record thereof specifying the tax assessed and the penalty, as required by I.R.C. 3761(b), has been made and a copy thereof is exhibited to the court. But when the civil settlement is in an earlier stage and shows only a blanket sum to be paid, the judge will need information which will assist him to determine how much of the settlement, if any, is allocable to penalties. For I should apprehend that if satisfied that the defendant had made restitution—even involuntary restitution—by paying his enforcible tax deficiency, the judge would give that factor favorable consideration in shaping the sentence. But even so, the judge will have need to know how much by way of additional civil penalty the defendant has paid or committed himself to pay so that he can determine what further penalties in the criminal case are justly required to satisfy the public policy mentioned above.

■ For the development of the information needed in the discharge of the judicial tasks discussed above, it is not necessary to resort to the cumbersome procedure of a plenary trial. The judge may receive from either or both sides information informally offered by counsel. After all, for the purposes stated, there is seldom if ever need for an ascertainment of the relevant quantities as precise as is required for a final liquidation of civil penalties. In cases in which it is apparent that information along these lines will be needed, good practice suggests that the United States Attorney should be prepared to make a showing, preferably, at least in serious cases, in a brief written resume, of the factual basis for the government's position as well as its conclusion as to the pecuniary dimensions of the fraud committed and of the additional penalties covered into any compromise, pending or accomplished, of the civil liabilities. The defendant, of course, will be entitled to be heard through counsel on the government's statement. Occasionally, considerations of fair play may justify a continuance so that the defendants may have opportunity to make a considered reply to the government's statement of position. I will observe, however, that generally basis for any requested continuance at this juncture will be averted if the U. S. Attorney incorporates the government's statement of position into a written motion for sentence and serves the same on defendant's counsel in advance of the hearing. If defendant's counsel shall attack the government's position by pointing to weaknesses in the available proofs, the U. S. Attorney should be in readiness to disclose to what extent, if any, difficulties and shortcomings in the government's proofs are already reflected in the government's figures. This is a factor that I think the judge should have before finally formulating his sentence, but in my view it is proper, and indeed desirable, that the government should not be expected to disclose any weaknesses in its proofs until the defendant's position has been disclosed.

can determine, at least approximately, the extent, if any, to which the liened property after the discharge of the lien,

may become available for payment of a criminal fine.

By the procedure just indicated I do not suggest that all the inherent difficulties will be obviated. I do believe, however, that the cooperation of counsel in such procedure will be of great help to the judge and of real assistance in the refinement of justice. I should expect it would materially reduce the number and extent of conflicts on important facts entering into the formulation of the sentence and in most cases enable the judge to make approximations accurate enough for the task. And, of course, if occasionally conflicts of such nature and dimensions arise within the scope of the conviction that the indicated procedure is inadequate, the judge can always in his discretion direct that a further hearing be had to receive additional information or possibly formal evidence.

█ The foregoing is not intended of course as a complete enumeration of the factors entering into the judicial task. The defendant's attitude of cooperation or non-cooperation after the discovery of his fraud is important and since any information on this point in the report of the Probation Officer is not available to the defendant, the government viewpoint on that subject-matter should be included in the opening statement of the U. S. Attorney so that appropriate reply can be made. And, of course, the defendant's capacity to pay a fine is important. If the U. S. Attorney can add to the information in the presentence report, he should do so, by written report which can be sealed if he fears that a disclosure of the information would result in any concealment of assets.