**UNITED STATES of America**

**v.**

**Ray COWAN and Jake Jacobsen.**

**Crim. A. No. CR–6–74–3.**

United States District Court,
N. D. Texas,
San Angelo Division.

Oct. 23, 1974.

Frank D. McCown, U. S. Atty., John W. Sweeney, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff.

Wm. F. Turman, Bob Gibbons, Austin, Tex., for Ray Cowan.

Arthur Mitchell, Stephen M. Orr, Austin, Tex., for Jake Jacobsen.

*ORDER APPOINTING SPECIAL PROSECUTORS*

ROBERT M. HILL, District Judge.

The United States Attorney for the Northern District of Texas on August 29,

1974, presented a motion to dismiss all counts of a seven count indictment against the defendant Jake Jacobsen. On September 6, 1974, this court overruled the government's motion to dismiss. Thereafter, on September 12, 1974, the United States Attorney filed a notice of intention not to prosecute the case against Jacobsen. By order of this court filed September 13, 1974, the trial setting of this case on September 23, 1974, was vacated and the cause was continued subject to further orders of this court.

■■ Federal Rule of Criminal Procedure 48(a) requires the consent of the trial court to effect the dismissal of an indictment on the motion of the Attorney General or United States Attorney. *McKlemurry v. United States,* 478 F.2d 1185, 1187 (5th Cir. 1973). For the reasons stated in the court's memorandum opinion and order of September 6, 1974, overruling the government's motion to dismiss, this court has withheld its consent to dismiss the indictment as to the defendant Jake Jacobsen. Where the government expresses an intention not to prosecute a criminal indictment which has been lawfully returned by a grand jury, signed by the foreman of the Grand Jury and by the United States Attorney, and which the court has refused to dismiss under rule 48(a), this court is of the opinion that special prosecutors should be appointed in order to protect and fulfill the public's interest in the vigorous prosecution of such an indictment.

This court's authority to appoint special prosecutors under these circumstances is derived from the implied statutory authority of rule 48(a) and from the inherent power of the judiciary to effect the proper and orderly administration of justice. The power of the court to appoint special prosecutors under rule 48(a) is necessary to the efficacy of the rule. Without the power to appoint special prosecutors under these peculiar circumstances, rule 48(a) would be an effete and meaningless rule of law.

The basic constitutional objection to the appointment of special prosecutors is that the power to prosecute is vested exclusively in the executive branch by Article II of the United States Constitution which empowers the President "to take care that the laws be faithfully executed." *See United States v. Cox,* 342 F.2d 167 (5th Cir.), *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965); *Nader v. Bork,* 366 F.Supp. 104 (D.D.C.1973), reprinted in *Hearings on the Special Prosecutor before the Committee on the Judiciary,* United States Senate, 93rd Congress, 1st Session 1973, Part II, p. 480; *United States v. Solomon,* 216 F.Supp. 835 (S.D.N.Y.1963). Article II, however, empowers Congress to vest the court with power to appoint inferior federal officers.[1] In approving rule 48(a), which gives the district courts discretion in the dismissal of an indictment by the Attorney General or United States Attorney, this court is of the opinion that Congress, albeit *sub silentio,* vested in the judiciary the power to appoint special prosecutors where necessary.[2]

---

1. Article II in part provides:

"... the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S.Const., art. II, § 2, cl. 2.

2. By act of Congress the Supreme Court of the United States has the power to prescribe rules of criminal procedure. 18 U.S. C. §§ 3771, 3772. Such rules to take effect must be reported to Congress, and once so reported and effective all laws in conflict with such rules are of no force or effect. Section 3771 in pertinent part provides:

The Supreme Court of the United States shall have the power to prescribe ... rules of ... procedure with respect to any or all proceedings prior to and including verdict .... Such rules shall not take effect until they have been reported to Congress by the Chief Justice .... All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

Further, the appointment by a court of special prosecutors to prosecute a valid existing indictment is not incongruous with the separation of powers doctrine. The appointment of such an officer is intimately related to the primary constitutional duty of the Judicial Branch to do justice in criminal prosecutions. In the recent case of *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), in discussing the separation of powers doctrine the Supreme Court stated:

> In designing the structure of our Government and dividing and allocating the sovereign power among three co-equal branches, the Framers of the Constitution sought to provide a comprehensive system but the separate powers were not intended to operate with absolute independence.

> While the Constitution diffuses power the better to secure liberty, it also contemplates that practice will integrate the dispersed powers into a workable government. It enjoins upon its branches separateness but interdependence, autonomy but reciprocity.

*United States v. Nixon,* 418 U.S. 683, 707, 94 S.Ct. 3090, 3107, 41 L.Ed.2d 1039, 1063 (1974) *quoting Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 635, 72 S.Ct. 863, 96 L.Ed. 1153 (1952) (Jackson, J., concurring).

To read the Article II powers of the President as providing the Justice Department with absolute discretion to refuse to prosecute a criminal indictment on no more than the bare claim that "a bargain had been made" and that "it would be in the interest of justice" would upset the constitutional balance of powers and would "gravely impair the role of the courts under Art. III." *Cf. United States v. Nixon,* supra. Moreover, in appointing special prosecutors the court is not exercising a dual role, but rather it is fulfilling the need for prosecution by *conferring* a role.

In *United States v. Solomon,* 216 F.Supp. 835, 838–43 (S.D.N.Y.1963) the district court examined the separation of powers doctrine in holding that the appointment of a United States Attorney by a federal district court judge pursuant to statute was not unconstitutional. The court reasoned that by passage of 28 U.S.C. § 546 which allows appointment of a temporary prosecuting officer Congress implemented Article 2, Section 2, Clause 2 of the United States Constitution. Though *Solomon* is distinguishable on its facts from the case sub judice, it is not distinguishable in principle. Rule 48(a) implemented Article 2, Section 2, Clause 2 and impliedly empowered the district courts to appoint special prosecuting officers where the Attorney General or the United States Attorney refuses to prosecute after the district court has exercised its discretion under the rule and refuses a dismissal of an indictment.[3]

In addition to the implied statutory authority under rule 48(a) to appoint special prosecutors, there is the inherent power of the judiciary to affect the proper and orderly administration of justice by appointing special prosecuting

---

Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court. 18 U.S.C. § 3771.

3. The North Dakota Supreme Court upheld a trial court's appointment of a special prosecutor on similar reasoning. State v. Lauder, 11 N.D. 136, 90 N.W. 564 (1902). The court recognized the common law right of the prosecutor to absolute control over criminal actions, but held that the common law rule had been abrogated by a state statute giving the court the power to finally decide whether an action should be dismissed. *Id.* at 568–569. Similarly, rule 48(a) abrogated the common law rule allowing the United States Attorney or Attorney General to file a nolle prosequi at any time before trial. Under the rule the federal prosecutor may move for a dismissal, but it is the province of the court to determine the ultimate question whether the case shall be prosecuted or dismissed. United States v. Jacobsen, 381 F.Supp. 214 (N.D.Tex.1974) (Memorandum Opinion and Order) and authorities therein cited.

officials where necessary for the prevention of abuses of unfettered prosecutorial discretion. *See United States v. Cox,* 342 F.2d 167, 173–81 (5th Cir.), *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965) (Rives, Gewin and Bell, JJ., concurring in part and dissenting in part).[4]

For the foregoing reasons, it is accordingly Ordered that Wayne O. Woodruff and Patrick E. Higginbotham be appointed special prosecutors, sharing equally all the powers and responsibilities enumerated in this order. It is further Ordered that Andrew Barr be appointed as first assistant to the special prosecutors.

The above named persons are qualified attorneys who are admitted to practice before the Supreme Court of Texas, the United States Court for the Northern District of Texas, the Court of Appeals for the Fifth Circuit and the United States Supreme Court.

It is further Ordered that the jurisdiction and role of the special prosecutors in this case should be limited solely to the prosecution of the defendant Jake Jacobsen on the seven count indictment returned by the federal grand jury on February 6, 1974, in the United States District Court for the Northern District of Texas, San Angelo Division. The special prosecutors shall have full authority to control the course of investigation and litigation related to the offenses charged in the indictment and to handle all aspects of the case to the same extent as a United States Attorney in any criminal prosecution.

It is so ordered.

---

**4.** Various state courts have embraced the inherent power concept of a court to appoint a special prosecutor in a criminal case. *See, e.g.,* Taylor v. State, 49 Fla. 69, 38 So. 380 (1905) ; Wilson v. County of Marshall, 257 Ill.App. 220, 226 (1930) ; White v. Polk Cty., 17 Iowa 413 (1864) ; Territory v. Harding, 6 Mont. 323, 12 P. 750, 753 (1887) ; State v. Henderson, 123 Ohio St. 474, 175 N.E. 865, 867, (1931) ; Hisaw v. State, 13 Okl.Cr. 484, 165 P. 636, 640 (1917).

The doctrine of "inherent power" has been invoked by federal courts in certain instances. *E.g.,* Arkadelphia Milling Co. v. St.

Louis SW Ry., 249 U.S. 134, 145–46, 39 S.Ct. 237, 63 L.Ed. 517 (1918) (to prevent misuse of court's process) ; FTC v. Hoboken White Lead & Color Works, 67 F.2d 551, 554 (2d Cir. 1934) (to punish for contempt) ; Refior v. Lansing Drop Forge Co., 124 F.2d 440, 444 (6th Cir.), *cert. denied,* 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746 (1942) (to dismiss a case for disobedience to a court order) ; United States v. Paiva, 294 F.Supp. 742 (D.D.C.1969) (to dismiss an indictment where a U. S. attorney breached an agreement to drop a prosecution in return for the defendant's cooperation).